UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARROLL C. TRINKLE

    Plaintiff,

v.

HAMMER TRUCKING, INC. and
ROBERT NIETHAMMER,

    Defendants.
_____/

Case No. 16-14361

HON. DENISE PAGE HOOD

**ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [#16]**

**I.    INTRODUCTION**

Plaintiff filed the instant cause of action on December 15, 2016. Following a scheduling conference on March 20, 2017, a Scheduling Order was issued that provided for a discovery cut-off of August 21, 2017. On August 23, 2017, the Court entered a stipulated order extending the discovery cut-off date to October 24, 2017, and on November 20, 2017, the Court entered a stipulated order extending the discovery cut-off date again, this time to December 28, 2017. On November 20, 2017, Plaintiff filed a Motion to Amend Complaint. [Dkt. No. 16] Defendants have filed a response, and a hearing on the Motion to Amend Complaint was held on January 10, 2018. For the reasons that follow, the Court grants Plaintiff's Motion to Amend

Complaint.

## II. PLAINTIFF'S PROPOSED AMENDMENTS

Plaintiff worked as a truck driver for Defendant Hammer Trucking, Inc. In his Complaint, he states that he worked for Defendant Hammer Trucking from August 2000 until July 31, 2013. Plaintiff sued Defendants for alleged ERISA retaliation, in violation of 29 U.S.C. § 1140. Plaintiff's allegations stem from the end of his employment by Defendant Hammer Trucking. Plaintiff alleges that he was terminated by Defendant Hammer Trucking after he withdrew $10,000 from the "Hammer Trucking, Inc. 401(k) Profit Sharing Plan ("Plan"), an employee pension benefit plan within the meaning of ERISA. Plaintiff alleges he withdrew the money from the Plan on July 31, 2014, and on August 1, 2014, Defendant Robert Neithammer called him, "scolded him for withdrawing funds from the Plan, discharged him from his employment with Defendant Hammer Trucking, and cancelled all his fringe benefits, including but not limited to his 401K Plan." [Dkt. No. 1 at ¶ 20]

Plaintiff seeks to amend his Complaint to correct allegations that erroneously described relevant events as occurring in the wrong year and to flush out his ERISA violation claim to include both retaliation and interference. Plaintiff states that the amendments are based upon information learned during discovery exchanges, including responses to discovery requests and depositions (including deposition

exhibits). Many of the amendments include citations to such discovery materials. Plaintiff asserts that he is not adding new claims or parties and there is no undue delay or unfair prejudice, nor are the amendments futile, as he is just clarifying and correcting his original claim based on the discovery information. Plaintiff also indicates that because medical records have come in slowly, he has agreed to let Defendants depose him further on medical records.

## III. APPLICABLE LAW & ANALYSIS

### A. Rule 15(a)

In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the Court. FED. R. CIV. P. 15(a)(2). Defendants do not concur in Plaintiff's motion, so it is within the Court's discretion whether to grant Plaintiff's motion for leave to file an amended complaint. Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

(1) the delay in filing the motion,
(2) the lack of notice to the other party,
(3) bad faith by the moving party,
(4) repeated failure to cure deficiencies by previous amendments,
(5) undue prejudice to the opposing party, and
(6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am.*

*Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

**B.     Analysis**

Defendants argue that Plaintiff's amendment should be denied because it: (a) is futile; (b) is offered in bad faith because Plaintiff now realizes that the allegations in the Complaint are legally and factually untenable; (c) will unfairly prejudice Defendants; and (d) is untimely. Defendants' arguments are not persuasive.

Defendants' brief primarily focuses on the viability of Plaintiff's claim, but Defendants have not filed a dispositive motion. If Defendants had done so, the Court could take the step of assessing whether Plaintiff's claim in the Complaint should be dismissed and whether the amendments would be futile. To the extent Defendant wishes to pursue arguments that Plaintiff's claim(s) fail because they are legally or factually untenable, Defendant may file a dispositive motion. Until then, Defendants' contention that the amendment would be futile "because summary judgment in favor of Defendants should be granted" is unavailing, and the Court can assess only whether

4

Plaintiff's proposed amendments would state a viable ERISA claim.

Plaintiff has not added any new claims and, it appears, only proposes amending the Complaint to comport with the facts as they became known or more clear during discovery. Defendants' argument that Plaintiff changed some of the allegations and appears to be tailoring his factual allegations to meet the requirements of filing the lawsuit does not constitute bad faith. And, the Court finds that the amendment does not prejudice Defendants. Significantly, Defendants do not indicate how the amendment would prejudice them; they simply state that allowing Plaintiff to change his factual allegations nearly a year after filing the Complaint "unfairly prejudices" Defendants. The Court finds that Plaintiff is not adding allegations that will require additional discovery, so Defendants will not be required to incur additional costs or endure prolonged discovery. The Court also notes that Plaintiff has expressed a willingness to make himself available for further deposition.

Plaintiff's Motion to Amend Complaint was filed rather late in the discovery process, but it was filed during the discovery period. Other than the fact that Plaintiff did not move the Court to amend the Complaint for an extended period of time, Defendants have not presented the Court with argument or evidence of how it will be prejudiced, why the delay in moving to amend was unwarranted, or how the allegations fail to state a claim as a matter of law.

The Court concludes that, although it appears Plaintiff could have moved to amend the Complaint earlier in the proceedings: (1) Defendants have not been harmed by a lack of notice; (2) there is no evidence Plaintiff is acting in bad faith; (3) there have been no previous attempts to amend; (4) Defendant will not be unduly prejudiced by the amendment; and (5) the amendment is not futile on its face.

The Court holds that Plaintiff may file an amended complaint and order that Plaintiff immediately file the "First Amended Complaint" attached as Exhibit A to its Motion to Amend Complaint.

**IV.     CONCLUSION**

Accordingly, the Court GRANTS Plaintiff's Motion to Amend Complaint [Dkt. No. 16] and ORDERS Plaintiff to file the First Amended Complaint within seven (7) days of the date of this Order.

IT IS ORDERED.

                S/Denise Page Hood
                Denise Page Hood
                Chief Judge, United States District Court

Dated:  February 7, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2018, by electronic and/or ordinary mail.

                                    <u>S/LaShawn R. Saulsberry</u>
                                    Case Manager